UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARITY N. GERMAIN,<br>    Petitioner,<br>  v.<br>JUSINO, Warden,<br>    Respondent. | Case No. 23-cv-03441 BLF (PR)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

On August 11, 2023, Petitioner, a federal prisoner, filed in *pro se* a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the "execution of her sentence" at FCI-Dublin. Dkt. No. 1 at 2. It appears that Petitioner paid the filing fee. *See* Dkt. No. 5.

**DISCUSSION**

A.  **Standard of Review**

Review of the execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) (presentence time credit claim); *see also Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). This Court may

entertain a petition for writ of habeas corpus from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

B.   **Legal Claims**

Petitioner seeks a transfer out of the custody of the Federal Bureau of Prisons ("FOP") to a halfway house or home confinement as well as adequate medical treatment. Dkt. No. 1 at 1. She alleges that the "combin[ed] stress of psychological intimidation with environmental conditions" (toxic mold and friable asbestos) which are harmful to her respiratory system requires such a remedy. *Id.* Petitioner describes living in fear due to the sexual abuse and hostile climate at the prison as well her exposure to the dangerous environmental conditions. *Id.* Petitioner claims that the Court has jurisdiction under § 2241 because she is challenging the "execution of her sentence, which is affected by the unhealthy environmental conditions of confinement." *Id.* at 2. Petitioner asserts that her rights under the Eighth Amendment are implicated and that a "quantum change in the level of custody" is warranted under *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). *Id.* at 3.

Petitioner is essentially challenging the conditions of her confinement and asserting that release to something akin to parole is the only available remedy. The Ninth Circuit recently addressed a similar challenge by federal prisoners in *Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023), who also filed habeas petitions under § 2241, claiming that prison officials violated their constitutional rights by failing to provide adequate conditions of confinement to protect against the spread of COVID-19. The appellate court conducted a

2

thorough review of the history of habeas and concluded that in determining whether a claim goes to the core of habeas, "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested." *Id.* at 1072. Consistent with Supreme Court precedent, the Ninth Circuit rejected plaintiffs' arguments that § 2241 was the proper avenue because there were other available remedies and their claims lay outside the historic core of habeas corpus. *Id.* at 1062, 1074-75. The Ninth Circuit affirmed the district court's dismissal of the habeas petitions for lack of jurisdiction. *Id.* at 1076.

      Similarly, Petitioner's claims also do not lie at the core of habeas because she does not directly challenge the constitutionality of her physical confinement (i.e., the detention itself is without legal authorization) or seek either immediate release from that confinement or the shortening of its duration. *See Preiser v. Rodriguez*, 411 U.S. 475, 439 (1973). Nowhere in the petition does Petitioner challenge the legality of her underlying conviction, nor does she seek a shortening of her sentence. Rather, similar to the § 2241 petitioners in *Pinson*, she is seeking release because she believes her continued confinement at FCI-Dublin is unconstitutional. Furthermore, Petitioner's reliance on *Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991), is inapposite, as that action involved a state prisoner filing 28 U.S.C. § 2254 petition to obtain work release.[1] Accordingly, Petitioner must raise her challenges to the conditions of confinement at FCI-Dublin in a federal civil rights action. *See Shook v. Apker*, 472 F. App'x 702, 702-03 (9th Cir. 2012); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir, 1991) (habeas corpus action proper mechanism for challenging an unlawful conviction or sentence; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and

---

[1] The Seventh Circuit addressed whether habeas or civil rights was the right vehicle for petitioner's claim seeking work release, and found it fell squarely in the middle, between habeas and civil rights; it chose to place it closer to the latter. *Graham*, 922 F.2d at 381.

3

conditions of confinement must be brought in civil rights complaint). This action will be dismissed without prejudice to Petitioner filing a federal civil rights action.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, federal prisoners suing under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), must first exhaust inmate grievance procedures. *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (holding that revised § 1997e(a) applies to *Bivens* actions). A federal prisoner may seek formal review of an issue that relates to any aspect of his imprisonment under 28 C.F.R. § 542.10. The procedure requires that the prisoner first address his complaint to the institution staff. *See* 28 C.F.R. § 542.14(c)(4) (1997), Form BP-9. If dissatisfied with the response at that level, the inmate may appeal his complaint to the regional Director of the Bureau of Prisons ("BOP"). *See id.* § 542.15(a), Form BP-10. Finally, the prisoner may appeal his case to the General Counsel in the Central Office of the BOP, which is the "final administrative appeal." *See id.*, Form BP-11. Accordingly, Petitioner is advised that she must have exhausted all her administrative remedies with respect to any claims before she raises them in a federal civil rights action in this Court.

## CONCLUSION

For the foregoing reasons, this federal habeas corpus action is **DISMISSED** for lack of habeas jurisdiction. Petitioner's claims regarding conditions of confinement at FCI-Dublin are DISMISSED without prejudice to filing a civil rights action after Petitioner has exhausted her administrative remedies. In light of this dismissal, Petitioner's motion for appointment of counsel is DENIED as moot. Dkt. No. 1 at 3.

///

**IT IS SO ORDERED.**

Dated: __November 9, 2023____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\HC.23\03441Germain.2241dism

5